# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02655-RGK-Ex | | Date | December 04, 2018 |
|---|---|---|---|---|
| Title | *Joyce Paul v. BMW of North America, LLC* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER Remanding Action to State Court**

## I. INTRODUCTION

On February 28, 2018, Joyce Paul ("Plaintiff") filed a complaint in Los Angeles County Superior Court against BMW of North America, LLC ("Defendant") alleging violations of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301 *et seq.*) and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*). Plaintiff's allegations arise from a lease of a vehicle from Defendant.

On April 2, 2018, Defendant removed the action to this Court on federal question and diversity jurisdiction grounds. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

## II. DISCUSSION

### A. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, a district court shall have original jurisdiction over any civil action "arising under the Constitution, laws, or treaties of the United States." A federal question claim brought under the Magnuson-Moss Warranty Act also requires that the amount-in-controversy exceeds "$50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount-in-controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount-in-controversy has been met, the removing defendant must supply this jurisdictional fact in the notice of removal by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02655-RGK-Ex | Date | December 04, 2018 |
|---|---|---|---|
| Title | *Joyce Paul v. BMW of North America, LLC* | | |

Plaintiff seeks restitution for all money paid, incidental and consequential damages, and reasonable attorneys' fees. (Compl. ¶¶ 28, 36, ECF No. 1-2.) In the Notice of Removal, Defendant asserts that Plaintiff's Magnuson-Moss claim arises out of federal law and that the amount-in-controversy exceeds $50,000. Defendant asserts that the list price of the leased vehicle is $41,915 and that an award of attorneys' fees and a civil penalty under the Song-Beverly Act of two times Plaintiff's damages bring the amount-in-controversy to at least $125,745.

Defendant, however, fails to demonstrate that the amount-in-controversy exceeds $50,000 by a preponderance of the evidence. Although Defendant provides the list price of the leased vehicle in question, this amount does not necessarily reflect the amount-in-controversy. Plaintiff requests restitution for all money paid to Defendant; yet Defendant fails to indicate an amount of payments made. Additionally, the value that Plaintiff is eligible to recover is reduced to account for Plaintiff's use of the vehicle. *See Moreno v. GM Co.*, No. 2:09-cv-00602 JWS, 2010 U.S. Dist. LEXIS 3672, at *8–9 (D. Ariz. Jan. 15, 2010) (applying the formula set forth in *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402 (7th Cir. 2004)). Defendant also fails to indicate the number of miles Plaintiff drove. Without this information, the Court is left with considerable doubt as to the amount-in-controversy. *See Tokmakova v. Volkswagen Group of Am., Inc.*, 12-cv-04666 SJO, 2012 U.S. Dist. LEXIS 109164, at *7 (C.D. Cal. Aug. 1, 2012).

Defendant also supports removal with Plaintiff's request for attorneys' fees and also with the civil penalties available under the Song-Beverly Act. However, attorneys' fees are "costs and interests" within the definition of the Act and are therefore excluded from the calculation. *Accord Moreno*, 2010 U.S. Dist. LEXIS 3672, at *3 n.9 (D. Ariz. Jan. 15, 2010) (citing *Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1271–72 (11th Cir. 1998) (collecting authorities)). Moreover, while civil penalties are available for willful failure to comply with the Song-Beverly Act, Defendant has not offered any evidence to support such an award.

Accordingly, the Court finds that Defendant has not satisfied its burden of demonstrating by a preponderance of the evidence that the amount-in-controversy meets the jurisdictional requirement in the Magnuson-Moss Warranty Act.

### B. <u>Diversity Jurisdiction</u>

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount-in-controversy that exceeds $75,000. District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount-in-controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading*, 12-cv-0131 AWI, 2012 U.S. Dist. LEXIS 80651, at *13–17 (E.D. Ca. June 8, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel, and may be avoided or accrue over years depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, C14-214 RAJ, 2014 U.S. Dist. LEXIS 80509, at *10 (W.D. Wash. June 11, 2014).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:18-cv-02655-RGK-Ex | Date | December 04, 2018 |
|----------|----------------------|------|-------------------|
| Title | *Joyce Paul v. BMW of North America, LLC* | | |

The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion in the amount-in-controversy.

For the reasons explained above, the Court finds that Defendant has not satisfied its burden of demonstrating that the amount-in-controversy exceeds $75,000 for diversity jurisdiction. Defendant's assertions regarding the leased vehicle's list price, attorneys' fees, and civil penalties are merely speculative.

## III.    CONCLUSION

In light of the foregoing, the action is hereby **REMANDED** to state court for all further proceedings.

**IT IS SO ORDERED.**

Initials of Preparer    _____ : _____

_____